FILED
CLERK
3:11 pm, Apr 12, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RICARDO RUIZ ROSADO,

                        Petitioner,

        -against-                                                   MEMORANDUM OF
                                                                    DECISION & ORDER
                                                                    19-CV-2116 (ADS)
                                                                    02-CR-0464 (ADS)

UNITED STATES OF AMERICA,

                        Respondent.
----------------------------------------------------------------X
```

**APPEARANCES:**

**Ricardo Ruiz Rosado,** *Pro Se*
Prisoner No. 68099-053
Gilmer Federal Correctional Institute
Inmate Mail/Parcels
P.O. Box 6000
Glenville, West Virginia 26351

**United States Attorney's Office**
**Eastern District of New York**
*Attorneys for the Respondent*
610 Federal Plaza
Central Islip, New York 11722
      By: Michael R. Maffei, Assistant U.S. Attorney

**SPATT, District Judge.**

      Ricardo Ruiz Rosado (the "Petitioner") entered a guilty plea to one count of conspiring to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 843 and received a sentence of forty-eight months of incarceration, with a five thousand dollar fine, followed by one year of supervised release. The Petitioner filed a motion to expunge the abovementioned criminal conviction; a motion to compel the Court to waive the Petitioner's

1

fine; accompanied by a motion to proceed in forma pauperis. For the reasons set forth below, the Petitioner's motion to proceed in forma pauperis is granted, but his motion to expunge and motion to waive his fine are denied.

## I. BACKGROUND

The Court assumes familiarity with the facts and procedural history of the case but proceeds to summarize the relevant details.

In June 2003, the Petitioner entered a guilty plea to count one of a superseding indictment charging conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 843 and received a sentence of forty-eight months of imprisonment, with a fine of $5,000 and a one-year term of supervised release. (See Judgment, Case No. 02-CR-0464.)

On January 28, 2019, the Petitioner, acting pro se, filed a motion seeking to expunge the criminal conviction. (See Mot. to Expunge, Case No. 19-CV-2116.) The Petitioner characterized his past criminal conduct as a result of bad judgment and expressed regret for his actions, stating that "if he knew that this incident would have landed [him] into any trouble . . . he would have never took part of what was going on . . . [and] this was a lack of thinking and a thinking error." (Mot. to Expunge at 2-3.) In addition, the Petitioner emphasized that this criminal case is seventeen years old; that the Petitioner was released from imprisonment in 2005; and completed his ordered supervised release in 2013. (Mot. to Expunge at 3.) The Petitioner added that while completing his supervised release he abided by the law. (Mot. to Expunge at 3.) Accordingly, the Petitioner asks the Court to expunge his criminal conviction "as this offense[] is now in [the] past [and] the [Petitioner] should have never got himself involved in the criminal activity that he did and made a bad judgment as to this offense." (Mot. to Expunge at 3.)

The Government opposed the motion to expunge, first arguing that this Court lacks jurisdiction to expunge the criminal conviction as it is valid and has concluded. (See Resp. Opp'n. Br., Case No. 19-CV-2116.) In addition, the Government stated that even if the Court had jurisdiction to expunge the conviction, the Petitioner is not deserving of expungement due to his subsequent engagement in criminal activity following his supervised release. The Government also stated that his "conduct since the time of his prior conviction demonstrates that he has not rehabilitated himself and is not deserving of the benefits of expungement of his prior conviction." (Resp. Opp'n. Br. at 2.) The Government explained that the Petitioner is presently serving an eighty-four month imprisonment sentence for a guilty plea to one count of assault on a federal officer in violation of 18 U.S.C. § 111(a)(1). (See Resp. Opp'n. Br., Exhibit 3, at 1-2.)

On March 6, 2019, the Petitioner filed another motion asking this Court to waive the $5,000 fine from the aforementioned guilty plea. (See Mot. to Waive Fine, Case No. 02-CR-0464.) The Petitioner states that he is indigent and without the funds to pay the imposed fine, further stating that he is presently incarcerated and anticipates that upon release he will still not have adequate funds and may have to file for bankruptcy. (Mot. to Waive Fine at 2.) On March 14, 2019, the Government filed a letter opposing the motion to waive the fine, arguing that the Petitioner "has not provided the Court with any demonstrable financial hardship caused by the continued imposition of the fine and [ ] the goals of sentencing are served by the continued imposition of the fine." (See Resp.'s Opp'n. Letter, Case No. 02-CR-0424, at 3.)

## II. DISCUSSION

As a threshold matter, upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that the Petitioner is qualified to commence this proceeding without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1).

Therefore, the Petitioner's request to proceed in forma pauperis is granted. However, for the reasons that follow, the Petitioner's motions to expunge and waive a fine are denied.

Generally, the Court notes that "federal district courts do not have subject matter jurisdiction over motions to expunge or seal a valid conviction record, except in limited circumstances authorized by Congress." United States v. King, No. 14-CR-0357 (PKC), 2017 WL 4326492, at *1 (E.D.N.Y. Sept. 28, 2017) (citing to Doe v. United States, 833 F.3d 192, 197 (2d Cir. 2016)). In addition, the Court acknowledges that the doctrine of ancillary jurisdiction "recognizes federal courts' jurisdiction over some matters . . . that are incidental to other matters properly before them." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378, 114 S. Ct. 1673, 1676, 128 L. Ed.2d 391 (1994). In Doe, the Second Circuit specifically addressed "whether a district court ha[d] ancillary jurisdiction to expunge all records of a valid conviction." Doe, 833 F.3d at 194. The Second Circuit addressed that "ancillary jurisdiction may be exercised 'for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually independent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.'" Id. at 198 (quoting Kokkonen, 511 U.S. at 379-80, 144 S. Ct. at 1676.) Ultimately, the Second Circuit found in Doe that the district court lacked jurisdiction to address a motion to expunge a valid and complete criminal conviction for equitable reasons, finding that the "exercise of ancillary jurisdiction . . . served neither of the goals identified in Kokkonen." Doe, 833 F.3d at 199.

In the instant matter, the Petitioner seeks to expunge the records of his concluded criminal conviction based on equitable reasons. In particular, the Petitioner's arguments for expunging his conviction include his sense of remorse for his past conduct; his regret for getting

4

involved in the criminal conduct; and that his actions were based on a lack of understanding and lack of good judgment.  However, as guided by the Second Circuit, this Court lacks jurisdiction to consider this motion to expunge a completed and valid conviction based exclusively on equitable reasons.  Not only does the Court lack the authority to grant expungement, the Court finds that the Petitioner's proffered equitable reasons do not warrant expungement where Petitioner has continued to engage in criminal conduct following the completion of his initial criminal conviction.

Turning to the Petitioner's motion to waive the fine, as the Government suggests, the Petitioner has provided no factual support demonstrating that he will not be able to pay the fine upon release.  At this point, waiving the Petitioner's fine based on his assertion that he presently does not have sufficient funds and that he "most likely never will" is not justified.  (Mot. to Waive Fine at 2.)  Therefore, at this time, the Court declines to waive the Petitioner's fine.

### III. CONCLUSION

The Petitioner's motion to expunge his criminal conviction (Dkt. No. 1, Case No. 19-CV-2116) is dismissed without prejudice and the Petitioner's motion to waive his imposed fine (Dkt. No. 72, Case No. 02-CR-0464) is also denied.  The Court declines to issue a certificate of appealability because the Petitioner has not made a substantial showing that he was denied a constitutional right.  See 28 U.S.C. § 2253(c)(2).  The Clerk of the Court is respectfully directed to mail a copy of this Order to the Petitioner at his place of incarceration and close this case.

**SO ORDERED.**
Dated: Central Islip, New York
April 12, 2019

/s/ Arthur D. Spatt
ARTHUR D. SPATT
United States District Judge